[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The individual plaintiff and the defendant entered into a business relationship in 1988. As a result of their agreement they were to be involved together in the operation of a pawn shop. Unfortunately, their respective undertakings and responsibilities were not reduced to writing and personal differences soon erupted. They parted company in 1989 or 1990.
The plaintiff Variest has brought suit in 18 counts alleging a variety of misdeed, on the part of the defendant. Not to be outdone, the defendant has filed a 5 count counterclaim.
 I
Though she has presented the court with numerous exhibits purporting to support her claims, the plaintiff has not sustained her burden of proof on any of her numerous allegations. For example, the court has in evidence an inch high stack of inventory forms and a pile of bank deposit slips. An accountant called by the plaintiff could not relate these records to any acts of conversion or misappropriation by the defendant. The plaintiff's claim against the defendant for conversion of funds consists of her argument that he handled all the money and deposits were short. Naturally, the defendant disputes this assertion. Absent some testimony as to the relevance of these records, the court is left to speculate as to what they demonstrate.
 II
Of particular significance in evaluating the plaintiff's claims is an "Agreement For Sale of Stock of Corporation" and an accompanying promissory note, both dated January 17, 1990. CT Page 7135
An examination of these documents leads to the conclusion that they embody an agreement between the parties in which their prior differences were resolved and their "settlement" of differences was incorporated into these documents, Exhibits M and N.
This view obtains substantial support in the testimony of two members of the bar who represented the parties and who testified that Exhibits M and N resulted from negotiations they conducted on behalf of their respective clients. Both counsel stated the agreement was entered into by the parties voluntarily and after a full discussion.
In light of the above, the court concludes that the January 17, 1990 documents represented a settlement of the parties' prior differences.
The court finds no evidence that the plaintiff signed these, and other documents, solely because she was afraid of the defendant.
 III
The defendant's counterclaim suffers from the same lack of proof as does the plaintiff's complaint, except that the parties agree as to the payments made on the note of January 17, 1990. In fact, the plaintiff testified as to the amount she paid on the note, $10,400, while the defendant stated he received "a little over $10,000."
As to the remaining counts of the counterclaim, the court concludes the agreement of January 17, 1990 encompassed all prior claims of the parties and the note of that date represented the obligation then due.
The January 17, 1990 transaction thus constituted a novation, that is, the extinguishment of one obligation by another. (39 Am. J. 1st Nov. § 2.) Or, a contract which discharges a previous contractual duty and creates a new contractual duty. (2 Restatement, Contracts § 424).
CONCLUSION
Judgment may enter for the defendant on the complaint and on his counterclaim in the amount of $15,600 plus taxable costs. CT Page 7136
Anthony V. DeMayo Judge Trial Referee